IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**SOUTHEASTERN STUD & COMPONENTS, INC.**                                **PLAINTIFF**

**v.**                                              **4:07CV00593-WRW**

**AMERICAN EAGLE DESIGN BUILD STUDIOS, L.L.C., et al.**               **DEFENDANTS**

## ORDER

Pending are Defendant Shaw Infrastructure's Motion For Dismissal of Count XII Under Rule 12(b)(6) (Doc. No. 29) and Motion For Dismissal of Count XI (Recovery of Attorneys' Fees) Under Rule 12(b)(6) (Doc. No. 47). Plaintiff has responded (Doc. Nos. 41, 50). Defendant's Motions are GRANTED.

### A. Count XII: Common Business Purpose / Single Business Enterprise

Count Twelve of Plaintiff's Amended Complaint seeks to hold Defendants liable under a common business purpose / single business entity theory.[1] While Arkansas courts recognize and have applied the piercing the corporate veil theory,[2] there is no precedent in Arkansas that has applied or granted relief under a common business purpose / single business entity theory. Because Arkansas does not recognize the theory as a claim upon which relief can be granted, Defendant's Motion to Dismiss Count Twelve of Plaintiff's Amended Complaint is GRANTED.

### B. Recovery of Attorneys' Fees

The rule in Arkansas in connection with the award of attorney's fees is that a court may assess a reasonable attorney's fee to be awarded to the prevailing party in various civil actions,

---

[1] Doc. No. 56

[2] See *Nat'l Cash, Inc. v. Loveless*, 361 Ark. 112 (2005); *Anderson v. Stewart*, No. 05-886, 2006 Ark. Lexis 247 (Ark. April 27, 2006); *Quinn-Matchet Ptnrs., Inc., v. Parker*, 85 Ark. App. 143 (2004); *Winchel v. Craig*, 55 Ark. App. 373 (1996).

including any action "to recover on an open account, statement of account, account stated, promissory note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, or breach of contract . . . ."[3] In a diversity case, a federal court must apply this rule.[4] Federal Rule of Civil Procedure 54(d)(2)(A) mandates that claims for attorneys' fee be made by motion, unless the recovery of attorneys' fees is an element of damages to be proven at trial.[5]

Count XI of Plaintiff's Amended Complaint requests the recovery of attorneys' fees.[6] The recovery of attorneys' fees must be requested by motion; the recovery of attorneys' fees is not technically a cause of action upon which relief can be granted. Accordingly, Defendant's Motion For Dismissal of Count XI (Recovery of Attorneys' Fees) is GRANTED. Plaintiff, however, may request the recovery of attorneys' fees by motion after trial if the Plaintiff prevails upon an action identified in Ark. Code Ann. § 16-22-308.

IT IS SO ORDERED this 2nd day of November, 2007.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[3] Ark. Code Ann. § 16-22-308.

[4] See *Reliance Ins. Co. v. Tobi Eng'g., Inc.*, 735 F. Supp. 326 (W.D. Ark. 1990).

[5] Fed. R. Civ. P. 54(d)(2)(A).

[6] Doc. No. 56.