**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**SOUTHEASTERN STUD & COMPONENTS, INC.**                    **PLAINTIFF**

**v.**                                    **4:07CV00593-WRW**

**AMERICAN EAGLE DESIGN BUILD STUDIOS,** *et al.*                    **DEFENDANTS**

## ORDER

Pending is Defendant AEDBS's Motion to Compel Arbitration (Doc. No. 135). Plaintiff

has responded[1] and Defendant has replied.[2] Also pending are Plaintiff's Motion to Compel

Discovery (Doc. No. 131), Supplement to Motion to Compel Discovery (Doc. No. 137), Second

Supplement to Motion to Compel Discovery (Doc. No. 142), Motion to Stay (Doc. No. 143), and

Motion for Extension of Time (Doc. No. 144). Defendants have responded.[3]  For the reasons set

out below, Defendant AEDBS's Motion to Compel Arbitration (Doc. No. 135) is DENIED;

Plaintiff's Motions to Compel Discovery (Doc. NO. 131, 137, and 142) are GRANTED;

Plaintiff's Motion to Stay (Doc. No. 143) is DENIED as MOOT; and Plaintiff's Motion to

Extend Time (Doc. No. 144) is GRANTED. A pending Joint Motion for Extension of

Scheduling Order Deadlines (Doc. No. 147) is DENIED without prejudice.

---

[1]Doc. No. 140.

[2]Doc. No. 141.

[3]Doc. Nos. 138, 139, 145, 146.

1

# I. BACKGROUND

This case arises out of a contract dispute involving the construction of housing at the Little Rock Air Force Base.[4] Defendant Little Rock Family Housing was the management partner for the privatized housing project at the Little Rock Air Force Base; American Eagle Design Build Studios, LLC ("AEDBS") was the prime contractor.[5]  Plaintiff and AEDBS entered into a Subcontract Work Agreement ("Subcontract") on August 23, 2006.[6]

Under the Subcontract, Plaintiff was to provide labor and materials to AEDBS's Little Rock project ("Project").[7] Under AEDBS Service Purchase Order #AL21-002, Plaintiff initially agreed to fabricate steel framing and erect 98 houses at the Project, with a price not to exceed $3,867,512.25.[8] Change Order No. 1 to AEDBS Service Purchase Order No. AL21-002 ("PO") decreased the price by $190,492.30, resulting in the final contract price of $3,677,019.95.[9] Plaintiff received $1,356,919.30 for work under the PO, and claimed $1,151,608.60 still owed for work performed under the PO.[10] Plaintiff then settled with Defendant Arch for $1,300,000.000, but still claims not less than $88,071.43 remains due under the Subcontract.[11]

---

[4]Doc. No. 120.

[5]*Id.*

[6]*Id.*

[7]*Id.*

[8]*Id.*

[9]*Id.*

[10]Doc. No. 120.

[11]*Id.*

Plaintiff, in its Amended Complaint, asserts multiple claims against AEDBS.[12]

Defendant AEDBS filed a Motion to Compel Arbitration, asserting that the arbitration clause in the Subcontract should be enforced.[13]  The arbitration clause reads, in part:

> Any dispute between the SUB and CONTRACTOR arising out of this Agreement or breach thereof . . . may, at the option of the CONTRACTOR, be submitted to arbitration in accordance with the Construction Industry Rules of the American Arbitration Association in the place where THE WORK is being performed . . . .

In response, Plaintiff asserts that Defendant AEDB's Motion to Compel Arbitration should be denied because: (1) AEDBS waived its right to arbitrate; (2) compelling arbitration would be prejudice Plaintiff; and (3) the arbitration clause is unilateral, and, thus, unenforceable.[14]

## II. DISCUSSION

A. <u>Unilateral Arbitration Clause</u>.

In *Enderlin v. XM Satellite Radio Holdings, Inc*., the plaintiff argued that, under Arkansas law, an arbitration agreement was unenforceable because it lacked mutuality.[15] The court narrowed the issue in that case to "whether the Court may require mutuality within an arbitration provision of the contract, but not as to each other provision separately."[16] The court concluded that "Arkansas law requiring mutuality within the arbitration paragraph itself is

---

[12]*Id.*

[13]Doc. No. 135.

[14]Doc. No. 140.

[15]*Enderlin v. XM Satellite Radio Holdings, Inc*., No. 4:06-CV-0032-GTE, 2008 U.S. Dist. Lexis 27668, at *21 (E.D. Ark. Mar. 25, 2008).

[16]*Id.* at 24-25.

preempted by the FAA because it places the arbitration clause on unequal footing with other contract terms that do not each have to be mutual."[17] I agree with the analysis in *Enderlin*. Based on *Enderlin*, Plaintiff's argument that the arbitration clause is enforceable because it lacks mutuality fails.

B. Right to Arbitration May be Waived

Under the Federal Arbitration Act, an arbitration clause will be enforced except in certain circumstances.[18] While federal policy favors arbitration, a party may lose its right to arbitrate if the party "(1) knew of an existing right to arbitration; (2) acted inconsistently with that right; and (3) prejudiced the other party with these inconsistent acts."[19] A party acts inconsistently with its right to arbitrate if it "'substantially invokes the litigation machinery' before asserting its arbitration right by failing to request a stay and fully adjudicating its rights."[20]  The other party is prejudiced by the inconsistent acts when, among other things, the "parties use discovery not available in arbitration, when they litigate substantial issues on the merits, or when compelling arbitration would require a duplication of efforts."[21] Also under the FAA, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the

---

[17]*Id*. at 31.

[18]9 U.S.C. § 2.

[19]*Kelly v. Golden*, 352 F.3d 344, 349 (8th Cir. 2003).

[20]*Id*.

[21]*Id*. (citing *Stifel, Nicolaus & Co. v. Freeman*, 924 F.2d 157, 159 (8th Cir. 1991)).

problem at hand is . . . an allegation of waiver, delay, or a like defense to arbitrability."[22]

### 1. *Existing Right to Arbitrate*

At all relevant times, AEDBS knew of its contractual right to arbitration. [23]

### 2. *Invoking the Litigation Machinery*

A party "must do all it could reasonably have been expected to do to make the earliest feasible determination of whether to proceed judicially or by arbitration."[24] Part of the determination to proceed judicially or by arbitration depends on the law at the time the dispute arises.[25] The Eighth Circuit has found no waiver in several cases in which a motion to compel was filed after months -- even years -- of litigation.[26] In each of those cases, there was a United States Supreme Court decision that changed the law after litigation began.[27]

AEDBS argues it filed its Motion to Compel Arbitration after a change in the law -- *i.e.*, after *Enderlin*.[28] While this Court agrees with the *Enderlin* decision, and while that decision

---

[22]*Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24-25 (1983).

[23]Doc. No. 141.

[24]*Lewallen v. Green Tree Serv'g., L.L.C.*, 487 F.3d 1085, 1091 (8th Cir. 2007).

[25]See *Ackerberg v. Johnson*, 892 F.2d 1328, 1332-1333 (8th Cir. 1989) (discussing cases in which the Eighth Circuit found no waiver when motion to compel arbitration made after changes in law in connection with arbitrable claims).

[26]See *Nesslage v. York Securities, Inc*., 823 F.2d 231 (8th Cir. 1987); *Fogarty v. Piper*, 767 F.2d 513, 514 (8th Cir. 1985); *Phillips v. Merrill Lynch, Pierce, Fenner & Smith*, 795 F.2d 1393 (8th Cir. 1986).

[27]*Id*. See *Nesslage v. York Securities, Inc*., 823 F.2d 231 (8th Cir. 1987); *Fogarty v. Piper*, 767 F.2d 513, 514 (8th Cir. 1985); *Phillips v. Merrill Lynch, Pierce, Fenner & Smith*, 795 F.2d 1393 (8th Cir. 1986).

[28]Doc. No. 136.

provided Defendant precedent to support its position, the *Enderlin* decision is not binding and the *Enderlin* decision did not "change the law." Further, AEDBS was free at any time to make the same argument as the Defendant in *Enderlin*, but AEDBS did not.

When a party proceeds in litigation, the Eighth Circuit has found that a motion to dismiss based on jurisdictional grounds does not serve as a waiver to arbitration.[29] However, a motion to dismiss on that touches on the merits of a case can serve as a waiver.[30]

AEDBS's Motion for Judgment on the Pleadings addresses the merits of the case -- the Motion argues Plaintiff's recovery under the Subcontract is barred by the damages clause in the Subcontract. AEDBS's Motion, together with its other pleadings in the case (until it filed its Answer to Plaintiff's Amended Complaint) are inconsistent with its motion to compel arbitration.

3. *Prejudice to the Other Party*

Plaintiff argues that it will be prejudiced if Defendant's Motion is granted because Plaintiff has incurred attorneys' fees in excess of $100,000; there would be duplication of costs and efforts; and Plaintiff would lose its February 3, 2009 trial date.[31] Plaintiff filed its Complaint on June 6, 2007, and for approximately 16 months has proceeded under the assumption that the case would be litigated.[32] Under these specific circumstances, I find that Plaintiff would be prejudiced by ordering arbitration at this stage in the proceedings.

---

[29]*Dumon v. Saskatchewan Gov't Ins.* (SGI), 258 F.3d 880, 886-887 (8th Cir. 2001).

[30]See *Ritzel Commc'ns, Inc. v. Mid-American Cellular Tel. Co.*, 989 F.2d 966, 969 (8th Cir. 1993).

[31]Doc. No. 140.

[32]Doc. No. 1.

3. Compelling Arbitration Would Prejudice Plaintiff

Plaintiff's third argument why AEDBS's Motion should not be granted is because compelling arbitration at this point would prejudice Plaintiff. This argument was already addressed above.

## III. CONCLUSION

AEDBS waived its right to arbitrate because it knew of an existing right to arbitration; acted inconsistently with that right; and prejudiced Plaintiff with these inconsistent acts. Accordingly, AEDBS's Motion to Compel Arbitration (Doc. No. 135) is DENIED.

Plaintiff's Motions to Compel Discovery (Doc. Nos. 131, 137, 142) are GRANTED. Defendants are directed to respond to Plaintiff's discovery requests by 5:00 p.m. on Monday, October 20, 2008.

Plaintiff's Motion to Stay (Doc. No. 143) is DENIED as MOOT.

Plaintiff's Motion for Extension of Time (Doc. No. 144) is GRANTED. Plaintiff is directed to respond to Defendant Shaw's discovery requests by 5:00 p.m. on Friday, October 17, 2008.

The Parties' Joint Motion for Extension of Scheduling Order Deadlines (Doc. No. 147) is DENIED without prejudice. If the parties still believe an extension is necessary, they may refile the Motion.

IT IS SO ORDERED this 9th day of October, 2008.


/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE