IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA,
FOR THE USE OF

SOUTHEASTERN STUD & COMPONENTS, INC.                                    PLAINTIFF

v.                              4:07CV00593-WRW

AMERICAN EAGLE DESIGN BUILD                                             DEFENDANTS
STUDIOS, LLC, et al.

### ORDER

Pending is Defendant Little Rock Family Housing, LLC's Motion for Judgment on the Pleadings (Doc. No. 102). Plaintiff has responded.[1] For the reasons set out below, Defendant's Motion is DENIED.

### I. BACKGROUND

This case arises out of a contract dispute involving the construction of housing at the Little Rock Air Force Base.[2] Defendant Little Rock Family Housing was the management partner for the privatized housing project at the Little Rock Air Force Base; American Eagle Design Build Studios, LLC ("AEDBS") was the prime contractor.[3] Plaintiff and AEDBS entered into a Subcontract Work Agreement ("Subcontract") on August 23, 2006.[4]

---

[1]Doc. No. 106.

[2]Doc. No. 161.

[3]*Id.*

[4]*Id.*

1

Under the Subcontract, Plaintiff was to provide labor and materials to AEDBS's Little Rock project ("Project").[5] Defendant Arch Insurance Company issued the payment bond guaranteeing the payment of subcontractors that worked on the Project.[6] Under AEDBS Service Purchase Order #AL21-002, Plaintiff initially agreed to fabricate steel framing and erect 98 houses at the Project, with a price not to exceed $3,867,512.25.[7] Change Order No. 1 to AEDBS Service Purchase Order No. AL21-002 ("PO") decreased the price by $190,492.30, resulting in the final contract price of $3,677,019.95.[8] Plaintiff received $1,356,919.30 for work under the PO, and claimed $1,151,608.60 still owed work performed under the PO.[9] Plaintiff also claimed other damages.

Plaintiff alleges, among other things, that Defendant Salvatore Carabetta owned or controlled Defendants American Eagle, Shaw Infrastructure, AEDBS, and Little Rock Family Housing, and that Defendant Carabetta made decisions for each entity in connection with the Project.[10] Plaintiff also alleges that Defendants American Eagle, Shaw Infrastructure, AEDBS, and Little Rock Family Housing, through their representatives Tom Swain and Defendant Carabetta, assured Plaintiff it would be paid for work it had complete and for work it would

---

[5] *Id.*

[6] *Id.*

[7] *Id.*

[8] Doc. No. 161.

[9] *Id.*

[10] Doc. Nos. 161, 106.

complete if it continued performing under the Subcontract.[11] Plaintiff alleges Defendants made the representations it would be paid when Defendants did not intend to pay Plaintiff.[12] Defendants deny these allegations.

Defendant filed its Motion for Judgment on the Pleadings asking the Court to dismiss the *quantum meruit* and piercing the corporate veil claims in Plaintiff's First Amended Complaint.[13] After Defendant filed its Motion, Plaintiff was granted leave to file a Second and Third Amended Complaint. Plaintiff's Third Amended Complaint does not contain a *quantum meruit* claim against Defendant, though the piercing the corporate veil claim remains.[14]

## II. DISCUSSION

When considering a motion for judgment on the pleadings, the Court must accept as true all facts pled by the non-moving party, and all reasonable inferences from the pleadings must be viewed in the light most favorable to the non-moving party.[15] "A grant of judgment on the pleadings is appropriate 'where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law.'"[16]

---

[11]*Id.*

[12]*Id.*

[13]Doc. No. 103.

[14]Doc. No. 161.

[15]*Dillard's Inc. v. Liberty Life Assur. Co.*, 456 F.3d 894, 899 (8th Cir. 2000).

[16]*Poehl v. Countrywide Home Loans, Inc.*, No. 07-2988; 07-3249, 2008 U.S. App. Lexis 12916, at *7 (8th Cir. June 19, 2008).

Whether the corporate veil should be pierced varies based on the facts of each case.[17] Sometimes, when a corporate form has been abused illegally to the harm of a third party, the corporate entity "may be disregarded or looked upon as the alter ego of the principal stockholder."[18] In Arkansas, cases in which courts have pierced the corporate veil usually involved fraud or deception.[19]

I must accept Plaintiff's allegations of fraud as true, even though Defendants deny them. There are material issues of fact in dispute as to whether Defendant Little Rock Family Housing should be held liable as the alter ego of AEDBS. Because there remain material issues of fact in dispute, Defendant's Motion for Judgment on the Pleadings (Doc. No. 102) is DENIED.

IT IS SO ORDERED this 25th day of January, 2010.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[17] *Anderson v. Stewart*, 366 Ark. 203, 207 (2006).

[18] *Id*. at 206-07.

[19] *Id*. at 207.